UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUET F. WONG, | Case No. 2:15-CV-1398 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| COUNTRYWIDE HOME LOANS, INC., et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Suet Wong's (the "plaintiff") motion to reconsider. (ECF No. 31). Defendants Countrywide Home Loans, Inc., CWALT, Inc. as Trustee for Alternative Loan Trust 2004-2CB, Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. (collectively, as the "defendants"), have filed a response (ECF No. 32). Plaintiff has not replied and the time to do so has passed.

**I.   Facts**

On or about October 24, 2003, plaintiff executed a promissory note in favor of Countrywide Home Loans, Inc., in the amount of $106,000.00. (ECF Nos. 1 at 5; 2-1 at 33). The note was secured by a deed of trust on the real property located at 5402 Night Swim Lane, Las Vegas, Nevada, 89113, with an assessor's parcel number of 163-28-712-02. (ECF No. 2-1 at 10). The deed of trust was executed October 24, 2014, and it was assigned from Countrywide, the original lender, to MERS on May 16, 2011. (ECF No. 2-1 at 10). The trustee is CTC Real Estate Services. (ECF No. 2-1 at 10).

On July 22, 2015, plaintiff filed a complaint, alleging seven claims for relief. (ECF No. 1-1). On August 13, 2015, defendants filed a motion to dismiss plaintiff's complaint. (ECF. No. 8).

**James C. Mahan**
**U.S. District Judge**

1  On September 10, 2015, plaintiff filed a motion for default judgment. (EFC No. 16). On February 23, 2016, this court entered an order granting defendants' motion to dismiss and denying plaintiff's motion for default judgment. (ECF No. 29).

In the instant motion, plaintiff requests that the court reconsider its order entered on February 23, 2016, and allow a trial on the issues pursuant to Federal Rule of Civil Procedure 59.

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**III.    Discussion**

As an initial matter, the court acknowledges that plaintiff's complaint and motion were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Plaintiff argues that reconsideration of the court's order dismissing the action is appropriate under FRCP 59 because the complaint did state a claim showing plaintiff was entitled to relief and that dismissal is premature. (ECF No. 31 at 1–2). In response, defendants contend that plaintiff's allegations are insufficient to support relief under FRCP 59. (ECF No. 32 at 4).

The court agrees with defendants in that plaintiff has not shown that "highly unusual circumstances" are present to warrant reconsideration. Specifically, plaintiff's motion for

**James C. Mahan**
**U.S. District Judge**

- 2 -

reconsideration fails to set forth any newly discovered evidence, any clear error, or any intervening change in controlling law. Thus, the court will deny plaintiff's motion to reconsider.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to reconsider (ECF No. # 31) be, and the same hereby is, DENIED.

DATED August 16, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**